| | | |
|---|---|---|
| **JONATHAN ANTHONY LEE TORRES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **NATHAN BALL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of pro se Plaintiff's Complaint, (Doc.

No. 1).  Plaintiff is proceeding *in forma pauperis*. (Doc. No. 5).

I.      **BACKGROUND**

*Pro se* Plaintiff filed a civil rights suit pursuant to 42 U.S.C. § 1983 while incarcerated at

the Craven Correctional Institution.[1] He names as Defendants Buncombe County Sheriff's Office

Sergeant Nathan Ball, Deputy Dane R. Onderdonk, and Deputy Timothy R. Taylor in their

individual capacities.

Liberally construing the Complaint and accepting the allegations as true, Sergeant Ball

stopped the vehicle Petitioner was driving while in a private driveway at 3:15AM on March 3,

2018. Defendant Ball stopped the vehicle without probable cause or a reasonable articulable

suspicion and used excessive force by pointing a gun and yelling commands at Plaintiff. Defendant

Ball's use of force during the incident was "very much excessive" even though Plaintiff never

---

[1] Online records indicate that Plaintiff is presently incarcerated at the Caswell Correctional Center. Plaintiff is cautioned that it is his responsibility to keep the Court apprised of his current address at all times. Failure to do so may result in this actions' dismissal for lack of prosecution.

posed an immediate threat of safety to officers or others and never actively resisted or attempted to evade arrest by flight. (Doc. No. 1 at 14). Defendant Ball had no grounds to believe Plaintiff committed a criminal offense or violated any traffic laws. Sergeant Ball then illegally searched Petitioner by reaching into his pockets that exceeded the scope of a pat-down for weapons and Plaintiff's fiancee was also illegally searched. Plaintiff's vehicle was illegally search by Defendants Onderdonk and Taylor. Plaintiff was then illegally arrested, illegally charged, and falsely imprisoned for 24 days. The false charges were dismissed on March 12, 2019, "per an illegal traffic stop." (Doc. No. 1 at 14). Footage from Sergeant Ball's body camera conflicts with Defendant Ball's synopsis of the case and reveals perjury. The foregoing violated the United States and North Carolina Constitutions. Plaintiff seeks compensatory damages.

## II.     STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III.    DISCUSSION

### (1)    Stop, Search, and Seizure

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. The Due Process Clause of the Fourteenth Amendment levies on state governments the same restrictions that the Fourth Amendment imposes on the federal government. Mapp v. Ohio, 367 U.S. 643, 654-55 (1961). Because an arrest amounts to a Fourth Amendment seizure, probable cause is necessary for an arrest to be lawful. See Henderson v. Simms, 223 F.3d 267, 272 (4th Cir. 2000); see also Draper v. United States, 358 U.S.

307, 310-11 (1959). False arrest and false imprisonment are considered under a Fourth Amendment analysis.[2] See Wallace v. Kato, 549 U.S. at 384, 387-88 (2007) (acknowledging that "Section 1983 provides a federal cause of action" for Fourth Amendment false arrest, and stating that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter"); Brooks v. City of Winston–Salem, 85 F.3d 178, 183 (4th Cir. 1996); Green v. Maroules, 211 Fed. Appx. 159 (4th Cir. 2006); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001) ("false arrest and false imprisonment claims … are essentially claims alleging seizure of the person in violation of the Fourth Amendment").

"A plaintiff's allegations that police seized him pursuant to legal process that was not supported by probable cause and that the criminal proceedings terminated in his favor are sufficient to state a claim alleging that a seizure was violative of the Fourth Amendment." Miller v. Prince George's Cnty., 475 F.3d 621, 630 (4th Cir.2007) (internal quotations omitted). However, a facially valid arrest warrant provides the arresting officer with sufficient probable cause to arrest the individual identified in the warrant. Baker v. McCollan, 443 U.S. 137, 143–44 (1979). Therefore, "[a] public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant.... Thus, we recognize implicitly that a claim for false arrest may be considered only when no arrest warrant has been obtained." Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir.1998) (citing Brooks v. City of Winston–Salem, 85 F.3d 178 (4th Cir.1996)).

Plaintiff claims that Defendant Ball subjected him to an illegal traffic stop, search of his person, and arrest, and that Defendants Onderdonk and Taylor illegally searched the car he was driving. Plaintiff claims that the charges were dismissed after he spent 24 days in jail. Liberally

---

[2] Plaintiff cites the Fifth and Sixth Amendments in his Complaint, but the alleged constitutional violations are liberally construed as violations of the Fourth Amendment for purposes of initial review.

construed, these allegations state a plausible § 1983 claim. However, to the extent that Plaintiff

complains that his fiancee was also illegally stopped and searched, he lacks standing to seek relief

on her behalf. See Hummer v. Dalton, 657 F.2d 621, 635-26 (4th Cir. 1981) (a prisoner cannot act

as a "knight-errant" for others); Oxendine v. Williams, 509 F.2d 1405 (4th Cir. 1975) ("it is plain

error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates

in a class action.").

Plaintiff's claims that Defendants Ball, Onderdonck, and Taylor illegally stopped,

searched, and seized him will therefore be permitted to proceed, but the claims that Plaintiff asserts

on behalf of his fiancee will be dismissed.

**(2)     Excessive Force**

Claims that police officers used excessive force to seize a citizen, or were present and failed

to intervene, are cognizable under § 1983. Graham v. Connor, 490 U.S. 386 (1989); see County of

Los Angeles, Ca. v. Mendez, 137 S.Ct. 1539, 1546 (2017) (Graham sets forth the "settled and

exclusive framework for analyzing whether the force used in making a seizure complies with the

Fourth Amendment."). Fourth Amendment jurisprudence "has long recognized that the right to

make an arrest or an investigatory stop necessarily carries with it the right to use some degree of

physical coercion or threat thereof to effect it." Graham, 490 U.S. at 396. Whether a use of force

is "reasonable" under the Fourth Amendment requires balancing the nature and quality of the

intrusion on the individual's Fourth Amendment interests against the countervailing governmental

interests. Tennessee v. Garner, 471 U.S. 1, 7-8 (1985); United States v. Place, 462 U.S. 696, 703

(1983). Reasonableness is an "objective" inquiry that pays "careful attention to the facts and

circumstances of each particular case" including "the severity of the crime at issue, whether the

suspect poses an immediate threat to the safety of the officers or others, and whether he is actively

resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id.; Saucier v. Katz, 533 U.S. 194, 207 (2001) (excessive force claims are evaluated for reasonableness based on the information the officers had when the conduct occurred), *receded from on other grounds by* Pearson v. Callahan, 555 U.S. 223 (2010); Scott v. United States, 436 U.S. 128, 137-39 (1978) (officer's subjective state of mind does not invalidate action as long as the circumstances, viewed objectively, justify it); Terry v. Ohio, 392 U.S. 1, 20-22 (1968) (reasonableness is viewed from the perspective of a reasonable officer on the scene without the benefit of hindsight). "That inquiry is dispositive: When an officer carries out a seizure that is reasonable, taking into account all relevant circumstances, there is no valid excessive force claim." Mendez, 137 S.Ct. at 1547. However, it is excessive under the Fourth Amendment to point a gun at an individual and handcuff him when there is no probable cause, reasonable suspicion, or grounds to believe that the subject is dangerous. See Turmon v. Jordan, 405 F.3d 202 (4th Cir. 2005).

Plaintiff asserts that Defendant Ball used force that was "very much excessive" by yelling commands at him and pointing a gun at him during the traffic stop even though officers lacked probable cause or a reasonable suspicion, Plaintiff never actively resisted, attempted to flee, and did not pose an immediate threat to officers or others. (Doc. No. 1 at 14). Liberally construing Plaintiff's claims, he asserts a plausible excessive force claim against Defendant Ball.

**(3)     Malicious Prosecution**

A malicious prosecution claim brought under § 1983 "is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common

law tort."[3] <u>Hupp v. Cook</u>, 931 F.3d 307, 323-24 (4th Cir. 2019) (quoting <u>Evans v. Chalmers</u>, 703

F.3d 636, 646 (4th Cir. 2012); <u>Lambert v. Williams</u>, 223 F.3d 257, 261 (4th Cir. 2000)); <u>see</u> <u>Manuel</u>

<u>v. City of Joliet, Ill.</u>, 137 S.Ct. 911, 919 (2017) ("If the complaint is that a form of legal process

resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies

in the Fourth Amendment."). To prove such a claim, a plaintiff must show "that the defendant (1)

caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and

(3) criminal proceedings terminated in plaintiff's favor." <u>Evans</u>, 703 F.3d at 647.

Plaintiff has plausibly alleged a malicious prosecution claim which will be permitted to

proceed at this time. <u>See</u> Section (1), *supra.*

### (5)   **North Carolina Claims**

The district courts have supplemental jurisdiction over claims that are so related to the

claims over which the court has original jurisdiction that they "form part of the same case or

controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); <u>see</u> <u>Artis v.</u>

<u>D.C.</u>, __ U.S. __, 138 S.Ct. 594 (2018) (included within this supplemental jurisdiction are state

claims brought along with federal claims arising from the same episode). A court may decline to

exercise supplemental jurisdiction if: (1) the claim raises a novel or complex issue of state law; (2)

the claim substantially predominates over the claim or claims over which the district court has

original jurisdiction; (3) the district court has dismissed all claims over which it has original

jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining

jurisdiction. 28 U.S.C. § 1367(c)(1)-(4).

Plaintiff asserts a number of claims under the North Carolina Constitution that appear to

---

[3] The Supreme Court has declined to define the elements of a § 1983 malicious prosecution claim. <u>See</u>
<u>McDonough v. Smith</u>, 139 S.Ct. 2149, 2156 n.3 (2019); <u>see</u> <u>also</u> <u>Wallace</u>, 549 U.S. at 390 n.2.

be related to the same episode as his federal constitutional claims that have passed initial review. The Court will exercise supplemental jurisdiction over Plaintiff's North Carolina claims at this time.

## V.    CONCLUSION

For the reasons stated herein, the Complaint is sufficient to proceed against Defendants Ball, Onderdonk, and Taylor for the alleged violations of the United States Constitution against Plaintiff, but the claims against Plaintiff's fiancee are dismissed. The Court will exercise supplemental jurisdiction over the North Carolina claims that are part of the same episode as the federal claims that passed initial review.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's allegations about Defendants' actions towards him survive initial review under 28 U.S.C. § 1915, but the claims asserted on behalf of his fiancee are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Clerk of Court is directed to mail a copy of this Order to Plaintiff at his address of record as well as to Caswell Correctional Center.

3. **IT IS FURTHER ORDERED THAT** the Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and return for service of process on Defendants **Sergeant Nathan Ball, Deputy Dane R. Onderdonk,** and **Deputy Timothy R. Taylor**. Once the Court receives the summons forms, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendants. The Clerk is respectfully instructed to note on the docket when the form has been mailed to Plaintiff.

Signed: September 18, 2019

Frank D. Whitney
Chief United States District Judge