# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-94-FDW

| | |
|---|---|
| JONATHAN ANTHONY LEE TORRES, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| NATHAN BALL, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on several Motions filed by the *pro se* Plaintiff. (Doc. Nos. 20, 21, 23).

In a Letter docketed as a Motion for Subpoena for Discovery, (Doc. No. 20), Plaintiff requests subpoenas for body-cam footage of the incident at issue. Plaintiff must address his requests to the appropriate party or parties. See LCvR 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses therto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition.").

In his Motion for Appointment of Counsel, (Doc. No. 21), Plaintiff notes that NCPLS was appointed to represent him but then was allowed to withdraw from representation because Plaintiff does not qualify for their services. He argues that his imprisonment will greatly limit his ability to litigate, he has no access to a law library or funds to order law books and limited knowledge of the law, he will not be able to review body-cam video footage, a trial will likely involve conflicting testimony that counsel would be better able to present, and NCPLS has withdrawn from the limited

1

representation in breach of contract and Plaintiff's right to meaningful access to the courts. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Plaintiff has failed to demonstrate the existence of exceptional circumstances and therefore the Motion will be denied.

Finally, Plaintiff has filed a Motion for Extension of the Case Management Order, (Doc. No. 23), in which he notes that NCPLS has withdrawn from the case and alleges that he will not be able to view the body-cam footage without a lawyer. Adequate time still remains before the discovery window closes, (Doc. No. 17), so this Motion will be denied without prejudice at this time.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Letter is construed as a Motion for Subpoena for Discovery, (Doc. No. 20), and is **DENIED**.

(2) Plaintiff's Motion for Appointment of Counsel, (Doc. No. 21), is **DENIED**.

(3) Plaintiff's Motion for Extension of the Case Management Order, (Doc. No. 23), is **DENIED**.

Signed: February 19, 2020

Frank D. Whitney
Chief United States District Judge