IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00094-MR

| | |
|---|---|
| JONATHAN ANTHONY LEE TORRES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATHAN BALL, et al., )<br>)<br>Defendants. )<br>) | ORDER |

**THIS MATTER** is before the Court on Defendants' Motion for a Protective Order [Doc. 27].

The *pro se* incarcerated Plaintiff filed this suit under 42 U.S.C. § 1983 and North Carolina law with regards to his vehicle stop and arrest on March 3, 2018. By the present motion, the Defendants move pursuant to N.C. Gen. Stat. § 132-1.4A(f) and the Court's inherent authority for the entry of a protective order to govern the use and disclosure of certain video footage that was captured by the arresting officers' body-worn cameras during the Plaintiff's arrest.[1]

---

[1] The discovery period has closed. The Defendants' request for the entry of a protective order will nevertheless be granted because all parties seek the footage's disclosure and the footage may assist the Court in its consideration of any dispositive motions.

Upon consideration of the factors set forth in N.C. Gen. Stat. § 132-1.4A and the circumstances of the instant case, the Motion will be granted.

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion for a Protective Order [Doc. 27] is **GRANTED** as follows:

1. The requested materials are confidential materials that are exempt from public records disclosure requirements pursuant to the provisions of N.C. Gen. Stat. § 132-1.4A, and subject to release only pursuant to an order of a court of competent jurisdiction.

2. In order to accommodate disclosure in this matter, the parties agree that production of the body camera footage (hereinafter "Confidential Documents") described above should be made pursuant to the conditions of this stipulated Protective Order.

3. Except as may be otherwise provided by further Order of the Court, all documents identified as Confidential Documents shall be used for no purpose other than prosecuting or defending this action and shall not be used or disclosed by any person for any other purpose, except as provided herein.

4. Access to and the use of any Confidential Documents, or any part thereof, shall be limited to the following qualified persons/entities:

a. The parties and any attorneys of record for the parties, their legal assistants, other staff members, and law student clerks; insurers, their agents and employees; outside companies engaged by attorneys for the parties to photocopy such documents; officers, managers, owners or employees of the parties who provide material assistance in the legal representation of the parties;

b. Mediators;

c. Consultants and technical experts involved in the preparation of this action;

d. The Court, court staff, court reporters, their transcribers, assistants and employees;

e. Any potential or actual trial witness to the extent that it is necessary to tender such witness as an exhibit a confidential document in order to elicit testimony relevant to the matters at issue in this case; and

f. The jury and trier of fact.

5. The above individuals and entities that are permitted access to the Confidential Documents are hereby ordered not to show, convey or reproduce any documents so designated or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order.

6. Counsel may make copies of the Confidential Documents for Plaintiff's or Defendants' experts upon receiving from said experts a written agreement that they will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of Plaintiff's or Defendants' experts read, acknowledged, and agreed in writing to be bound by this Protective Order. A file of all such written acknowledgments shall be maintained by Plaintiff and/or Defendants' counsel. By signing the declaration agreeing to be bound by this Protective Order, each of Plaintiff's or Defendants' experts submits himself or herself to the jurisdiction of the Court for purposes of enforcement of this Protective Order.

7. The production or disclosure of the Confidential Documents, pursuant to the terms of this Order, shall not waive or prejudice the right of any party to object to the production or admissibility of documents or information on grounds other than confidentiality in this action or in any other action.

8. Counsel for Defendant and Plaintiff are responsible for notifying any person who is provided access to information or material from the Confidential Documents of the terms of this Protective Order. The parties shall keep a record of all persons to whom disclosures or access are made.

9. Should the Court determine in its discretion that any material and documents contained within the Confidential Documents may properly be filed under seal, such documents may be released to the persons as listed herein only if the material and information is filed in sealed containers, containing a general description of the contents, and a statement that states the contents hereof are confidential and may be revealed only by the Court or upon prior written consent of counsel for the party designating the material CONFIDENTIAL INFORMATION.

10. After the final disposition of this action, including the conclusion of any and all appeals, all Confidential Documents, Plaintiff shall return all Confidential Documents to the Buncombe County Sheriff's Office. The ultimate disposition of the Confidential Documents shall be subject to a final order of the Court.

11. Each person who receives material and information described herein submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for the enforcement of this Order.

12. It is specifically agreed that making Confidential Documents available for inspection and the production of such documents shall not constitute a waiver or agreement by the parties regarding any claim of confidentiality, or of the admissibility of such documents into evidence at

the trial of this action. The parties reserve all rights to object to the admissibility of such documents as provided by the Federal Rules of Evidence and Federal Rules of Civil Procedure.

13. Nothing in this Protective Order shall require disclosure of material or information which the conveying party contends is protected from disclosure by the attorney-client privilege, materials produced in anticipation of litigation, or as constituting attorney work product materials.

14. Nothing in this Protective Order is intended to or shall be construed to interfere with any party's ability to disclose and use documents or information to the extent that they are (a) obtained lawfully from sources other than the opposing party or the agencies named herein, or (b) otherwise publicly available.

15. This Protective Order shall not prevent any party or the Buncombe County Sheriff's Office from applying to the Court for relief from this Protective Order or from applying to the Court for further or additional Protective Orders.

**IT IS SO ORDERED**.

Signed: May 22, 2020

Martin Reidinger
United States District Judge