IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00094-MR

JONATHAN ANTHONY LEE TORRES, )
                              )
         Plaintiff,           )
                              )
vs.                           )
                              )
NATHAN BALL, et al.,          )       **ORDER**
                              )
         Defendants.          )
_____)

**THIS MATTER** is before the Court on Plaintiff's Letter [Doc. 29] that was docketed as a Motion Requesting Subpoena Forms; Plaintiff's Motion for Leave to File an Amended Complaint [Doc. 36]; and Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment [Doc. 39].

The incarcerated *pro se* Plaintiff filed this action pursuant to 42 U.S.C. § 1983. [Doc. 1]. He is proceeding *in forma pauperis*. [Doc. 5]. The Complaint passed initial review on claims against several Buncombe County Sheriff's Office deputies relating to Plaintiff's arrest on March 3, 2018.[1] [See

---

[1] The case was assigned to Judge Frank D. Whitney at the time that the Order on initial review was entered.

Doc. 6]. Defendants were served, discovery closed on May 15, 2020, and dispositive motions were due on June 15, 2020. [See Doc. 26]. On June 15, 2020, Defendants filed a Motion for Summary Judgment [Doc. 30]. On June 17, 2020, the Court issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) informing Plaintiff of the legal standard applicable to motions for summary judgment and granting him until July 17, 2020 to file a response.

In his Letter dated May 17, 2020, Plaintiff requests two copies of subpoena forms "for documents needed" in this case as well as a § 1983 civil suit package. [Doc. 29]. Plaintiff filed his Letter after the deadline for completing discovery expired. [Doc. 26]. Further, Plaintiff fails to describe the subject of the proposed subpoena or identify the individuals to whom he intends to direct the subpoenas. Therefore, his request will be denied at this time.

In his Motion for Leave to File an Amended Complaint [Doc. 36], Plaintiff asks the Court to liberally construe his excessive force claim as one arising under the Fourth Amendment rather than the Eighth Amendment. Plaintiff's Motion to Amend will be denied as moot. Plaintiff's excessive force claim was already liberally construed as arising under the Fourth

2

Case 1:19-cv-00094-MR   Document 41   Filed 08/04/20   Page 2 of 3

Amendment because Plaintiff was not incarcerated when the alleged incident occurred. [See Doc. 6 at 5-6].

Finally, Plaintiff requests additional time to respond to Defendants' Motion for Summary Judgment because several prison transfers delayed his receipt of the Court's Roseboro Order. The Motion for Extension of Time will be granted for good cause shown until August 17, 2020.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Letter [Doc. 29] is construed as a Motion Requesting Subpoena Forms and is **DENIED**;

(2) Plaintiff's Motion for Leave to File an Amended Complaint [Doc. 36] is **DENIED** as moot; and

(3) Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment [Doc. 39] is **GRANTED**, and Plaintiff shall have until **August 17, 2020** to file a response to Defendants' Motion for Summary Judgment.

**IT IS SO ORDERED**.

Signed: August 4, 2020

Martin Reidinger
Chief United States District Judge